UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BADGER MUTUAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> BRYAN CHOI, INGRACE'S COMPANY, INC. d/b/a MARKET CREATIONS, INGRACE'S COMPANY II, INC., a/k/a INGRACE'S COMPANY II, INC. d/b/a MARKET CREATIONS, INGRACE'S COMPANY VI, INC., INGRACE'S COMPANY VIII, INC. d/b/a MARKET CREATIONS, and H & J HARVEST, INC. <br><br> Defendants. | Case No. 1:22-cv-4656 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff Badger Mutual Insurance Company ("Badger"), by and through its attorneys, Husch Blackwell LLP, and for its Complaint for Declaratory Judgment states as follows:

**NATURE OF ACTION**

1. This is an action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201. Badger seeks a declaration that (1) the policies of insurance Badger issued to Defendants Ingrace's Company, Inc. d/b/a Market Creations, Ingrace's Company II, Inc. a/k/a Ingrace's Company II, Inc. d/b/a Market Creations, Ingrace's Company VI, Inc., Ingrace's Company VIII, Inc. d/b/a Market Creations, and H & J Harvest, Inc. (collectively, the "Ingrace's Entities") do not provide coverage to any of above-named Defendants nor to Defendant Bryan Choi, for the claims asserted in Cook County, Illinois Case No. 2021CH04758 (the "Underlying Action") and that therefore (2)

Badger has no duty to defend or indemnify the Ingrace's Entities or Mr. Choi against the claims asserted in the Underlying Action.

## PARTIES

2. Badger Mutual Insurance Company is a Wisconsin citizen and an insurance company organized under the laws of the State of Wisconsin, with its principal place of business located in the City of Milwaukee, Milwaukee County, Wisconsin.

3. Defendant Bryan Choi is an Illinois citizen residing in the City of Chicago, Cook County, Illinois.

4. Defendant Ingrace's Company, Inc. d/b/a Market Creations is an Illinois citizen and corporation organized under the laws of the State of Illinois, with its principal place of business located in the City of Chicago, Cook County, Illinois.

5. Defendant Ingrace's Company II, Inc., a/k/a Ingrace's Company II, Inc. d/b/a Market Creations, is an Illinois citizen and corporation organized under the laws of the State of Illinois, with its principal place of business located in the City of Chicago, Cook County, Illinois.

6. Defendant Ingrace's Company VI, Inc. is an Illinois citizen and corporation organized under the laws of the State of Illinois, with its principal place of business located in the City of Chicago, Cook County, Illinois.

7. Defendant Ingrace's Company VIII, Inc. d/b/a Market Creations is an Illinois citizen and corporation organized under the laws of the State of Illinois, with its principal place of business located in the City of Chicago, Cook County, Illinois.

8. Defendant H & J Harvest, Inc. is an Illinois citizen and corporation organized under the laws of the State of Illinois, with its principal place of business located in the City of Chicago, Cook County, Illinois.

## JURISDICTION AND VENUE

9. This court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and all Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. This Court has power to grant the relief sought by Badger under 28 U.S.C. § 2201.

11. Venue is proper in this judicial district pursuant 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## BACKGROUND

12. On September 17, 2021, Alfredo Celedon filed the Underlying Action in Cook County, Illinois. A true and accurate copy of the Underlying Action is attached hereto as Exhibit A.

13. The Underlying Action arises from alleged violations of Illinois' Biometric Information Privacy Act ("BIPA"), which regulates companies that collect and store the biometric information of Illinois citizens.

14. The Underlying Action alleges that Choi, who allegedly owns and controls the operations of restaurants doing business as Market Creations, required employees of those restaurants to scan their fingerprints to clock in and out of Choi's jobsites, biometric information which Choi then allegedly recorded, stored, and associated with the employees' personal identifying information. Ex. A ¶¶ 13-16.

15. The Underlying Action alleges Choi violated BIPA Sections 14/15(a), (b), and (e) for allegedly, *inter alia*, failing to develop and/or make public a written policy to employees; collecting, capturing, obtaining, and storing biometric information without notification to and without the consent of employees; and by failing to store biometric information in a manner that

is the same or more protective than the manner of storing other confidential information. *Id*. at ¶¶ 31- 33.

16. The Underlying Action seeks statutory damages under BIPA as well as certification of a class of all individuals whose biometric data Choi collected or stored in Illinois. *Id*. at ¶ 26.

17. Badger issued Policy No. 71202527 to Ingrace's Company, Inc. d/b/a Market Creations for the policy period of 06/11/2017 to 06/11/2019.

18. Badger issued Policy No. 75478841 to Ingrace's Company II, Inc. for the policy period of 09/23/2019 to 09/23/2022 and Policy No. 71221332 to Ingrace's Company II, Inc. d/b/a Market Creations for the policy period of 07/01/2017 to 09/15/2018.

19. Badger issued Policy No. 71202325 to Ingrace's Company VI, Inc. for the policy period of 06/02/2017 to 06/02/2019.

20. Badger issued Policy No. 73073169 to Ingrace's Company VIII, Inc. d/b/a Market Creations for the policy period of 06/02/2018 to 06/02/2019.

21. Badger issued Policy No. 71221231 to H & J Harvest, Inc. for the policy period of 07/01/2017 to 06/07/2019.

22. The policies issued by Badger to the Ingrace's Entities are referred to collectively herein as the "Policies".

23. Bryan Choi, an executive officer of each of the Ingrace's Entities, tendered the defense of the Underlying Action to Badger.

24. Badger has agreed to provide a defense to Mr. Choi, subject to a complete reservation of rights.

25. The Underlying Action remains pending and discovery is ongoing.

26. Mr. Choi is an executive officer of each of the Ingrace's Entities, which are named as defendants to this action by virtue of holding policies of insurance with Badger.

27. Badger now seeks declaratory judgment that none of the policies issued to the Ingrace's Entities provide coverage to the Ingrace's Entities or to Mr. Choi for the claims asserted in the Underlying Action and therefore, Badger has no duty to defend or indemnify the Ingrace's Entities or Mr. Choi against the claims asserted in the Underlying Action.

28. An actual controversy has arisen and now exists concerning Badger's coverage obligations under the Policy, which merits a determination of the rights of the parties by this Court pursuant to 28 U.S.C. § 2201.

## THE BADGER POLICY

29. The Policies contain a Commercial General Liability coverage form which provides in relevant part as follows:

> **Principal Coverages**
> We provide insurance for the following coverages indicated by a specific limit or premium on the declarations:
>
> \*\*\*
>
> **Coverage L – Bodily Injury Liability [and] Property Damage Liability**
>
> We pay all sums which an insured becomes legally obligated to pay as damages due to bodily injury or property damage to which this insurance applies. The bodily injury or property damage must be caused by an occurrence and arise out of the ownership, maintenance, or use of the insured premises or operations that are necessary or incidental to the insured premises.
>
> This insurance applies only to bodily injury or property damage which occurs during the policy period.
>
> \*\*\*
>
> **Personal and Advertising Injury Coverage**

5

The Commercial Liability Coverage is amended as follows:

\*\*\*

**Principal Coverages**

The following is added:
**Coverage P – Personal Injury Liability and Advertising Injury Liability**

We pay all sums which an insured becomes legally obligated to pay as damages due to personal injury or advertising injury to which this insurance applies.

1. We cover:
> a. personal injury arising out of an offense committed in the course of your business, excluding advertising, publishing, broadcasting, or telecasting done by you or on your behalf; and

\*\*\*

\*\*\*

**Information Distribution and Recording Violations Exclusion**
The Commercial Liability Coverage is amended as follows. All other terms of this policy apply, except as amended by this endorsement:

**Exclusions**
The following exclusion is added:

We do not pay for bodily injury or property damage (or personal injury or advertising injury, if provided by the Commercial Liability Coverage) arising directly or indirectly out of violations of or alleged violations of:

\*\*\*

> d. Any other federal, state, or local law, regulation, statute, or ordinance that restricts, prohibits, or otherwise pertains to the collecting, communicating,

6

recording, printing, transmitting, sending, disposal, or distribution of material or information.

\*\*\*

**Punitive Damages Exclusion**

The Commercial Liability Coverage is amended as follows:

**Exclusions**

We do not pay for punitive, exemplary, or vindictive damages, except if suit is brought against the insured regarding a claim for acts or alleged acts falling within the Commercial Liability Coverages, seeking both compensatory and punitive or exemplary damages, then we will provide a defense without liability for such punitive or exemplary damages

\*\*\*

30. The Policies contain a Commercial Excess General Liability coverage form which provides in relevant part as follows:

**Section I – Insuring Agreement**

In consideration of the payment of premium and in reliance upon representations you made to us during the process of obtaining this insurance and subject to the Limit of Insurance shown in Item 4 of the Declarations, and all the exclusions, terms, and conditions of this policy, we agree with you as follows:

Coverage A. Bodily Injury and Property Damage Liability

1. Insuring Agreement

    a. We will indemnify the insured for ultimate net loss in excess of the retained limit because of bodily injury or property damage to which this insurance applies. We will have the right to associate with the underlying insurer and the insured to defend any claim or suit seeking damages for bodily injury or property damage to which this suit applies.

\*\*\*

2. Exclusions

    This insurance does not apply to:

7

\*\*\*

g. Bodily injury arising out of any:

\*\*\*

(3) Coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or other employment-related practices, policies, acts or omissions; or

\*\*\*

Coverage B. Personal and Advertising Injury Liability

1. Insuring Agreement

a. We will indemnify the insured for ultimate net loss in excess of the retained limit because of personal injury or advertising injury to which this insurance applies. We will have the right to associate with the underlying insurer and the insured to defend any claim or suit seeking damages for personal injury or advertising injury to which this insurance applies.

\*\*\*

2. Exclusions

This insurance does not apply to:

c. Personal injury arising out of any:

\*\*\*

(3) Coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or other employment-related practices, policies, acts or omissions;

\*\*\*

**FIRST CLAIM**

HB: 4893-0235-1906.2

31. Badger realleges and incorporates by reference Paragraphs 1-30 of its Complaint for Declaratory Judgment.

32. The Bodily Injury and Property Damage coverage forms of the Policies provide coverage only for "bodily injury" or "property damage" caused by an "occurrence" as defined by the Policies.

33. Mr. Celedon has alleged no claims for "bodily injury" or "property damage" in the Underlying Action.

34. Badger therefore does not have a duty to defend or indemnify the Ingrace's Entities or Choi under the Bodily Injury and Property Damage coverage forms of the Policies.

## SECOND CLAIM

35. Badger realleges and incorporates by reference Paragraphs 1-30 of its Complaint for Declaratory Judgment.

36. The Commercial General Liability – Bodily Injury and Property, Commercial General Liability – Personal and Advertising Injury Liability, and Commercial General Excess Liability – Personal and Advertising Injury Liability coverage forms of the Policies contain an "Information Distribution and Recording Violations" exclusion, which precludes coverage for "bodily injury", "property damage", "personal injury" and " advertising injury" arising out of violations of a federal, state, or local law, regulation, or ordinance that relates to the collecting, communicating, recording, printing, transmitting, sending, disposal, or distribution of material or information.

37. The Underlying Action alleges violations of BIPA, an Illinois state law that regulates the collection and destruction of biometric information.

9

38. The Information Distribution and Recording Violations exclusion precludes coverage for violation of laws that regulate collection and disposal of information and therefore precludes coverage for the violations of BIPA alleged in the Underlying Action.

39. Badger therefore does not have a duty to defend or indemnify the Ingrace's Entities or Choi against the claims asserted in the Underlying Action, as there is no coverage under the Commercial General Liability – Bodily Injury and Property, Commercial General Liability – Personal and Advertising Injury Liability, and Commercial General Excess Liability – Personal and Advertising Injury Liability coverage forms of the Policies.

## THIRD CLAIM

40. Badger realleges and incorporates by reference Paragraphs 1-30 of its Complaint for Declaratory Judgment.

41. The Commercial General Liability – Bodily Injury and Property and Commercial General Liability – Personal and Advertising Injury Liability coverage forms of the Policies contain an Employment exclusion, which precludes coverage for "bodily injury" to an employee of the insured if it occurs in the course of employment by the insured.

42. The Underlying Action alleges that Mr. Celedon was an employee of Choi and was required to provide biometric information to Choi when clocking in and out of a punch-clock device used to verify the presence of each employee.

43. To the extent "bodily injury" that occurred during the course of employment by any insured under the Policies has been alleged in the Underlying Action, the Policies do not provide coverage to the Ingrace's Entities or Choi under the Commercial General Liability – Bodily Injury and Property and Commercial General Liability – Personal and Advertising Injury Liability coverage forms.

10

## **FOURTH CLAIM**

44. Badger realleges and incorporates by reference Paragraphs 1-30 of its Complaint for Declaratory Judgment.

45. The Commercial General Liability – Bodily Injury and Property, Commercial Excess General Liability – Bodily Injury and Property, and Commercial Excess General Liability – Personal and Advertising Injury Liability coverage forms of the Policies contain an Employment-Related Practices exclusion, which precludes coverage for "bodily injury" that arises out of any employment-related practices, acts, or omissions.

46. The Underlying Action alleges that Mr. Celedon was an employee of Choi and was required to provide biometric information to Choi when clocking in and out of a punch-clock device used to verify the presence of each employee.

47. The Underlying Action further alleges that Mr. Choi recorded and stored employees' fingerprint biometrics using fingerprint-scanning technology and failed to disclose to employees the purpose and length of term for that collection and storage.

48. Mr. Choi's alleged recording and storage of employees' fingerprint biometrics is an employment-related practice or act.

49. Mr. Choi's alleged failure to disclose to employees the purpose and length of term for that collection is an employment-related practice or omission.

50. To the extent "bodily injury" arising from an employment-related practice, act, or omission by any insured under the Policies has been alleged in the Underlying Action, the Policies do not provide coverage to the Ingrace's Entities or Choi under the Commercial General Liability – Bodily Injury and Property or Commercial Excess General Liability coverage forms.

HB: 4893-0235-1906.2

**FIFTH CLAIM**

51. Badger realleges and incorporates by reference Paragraphs 1-30 of its Complaint for Declaratory Judgment.

52. The Commercial General Liability – Bodily Injury and Property and Commercial General Excess General Liability coverage forms provide coverage only for "bodily injury" or "property damage" that arises out of the ownership, maintenance, or use of the insured premises or operations that are necessary or incidental to the insured premises.

53. To the extent the Underlying Action does not allege "bodily injury" or "property damage" that arises out of the ownership, maintenance, or use of the insured premises or operations that are necessary or incidental to the insured premises, the Commercial General Liability – Bodily Injury and Property and Commercial General Excess General Liability coverage forms do not provide coverage to the Ingrace's Entities or Choi.

**SIXTH CLAIM**

54. Badger realleges and incorporates by reference Paragraphs 1-30 of its Complaint for Declaratory Judgment.

55. The Commercial General Liability – Bodily Injury and Property and the Commercial Excess General Liability coverage forms of the Policies contain an Expected or Intended Acts exclusion, which precludes coverage for "bodily injury" which is expected by, directed by, or intended by the insured.

56. To the extent "bodily injury" that was expected by, directed by, or intended by Mr. Choi has been alleged in the Underlying Action, the Policies do not provide coverage to the Ingrace's Entities or Choi under the Commercial General Liability – Bodily Injury and Property or Commercial Excess General Liability coverage forms.

12

**SEVENTH CLAIM**

57. Badger realleges and incorporates by reference Paragraphs 1-30 of its Complaint for Declaratory Judgment.

58. The Commercial General Liability – Bodily Injury and Property coverage form of the Policies contains a Data Breach exclusion, which precludes coverage for "bodily injury" arising out of disclosure of or access to private or confidential information belonging to any person or organization or any loss, cost, expense, or damages arising out of damage to, corruption of, loss of use or function of, or inability to access, change or manipulate data records.

59. To the extent "bodily injury" arising out of disclosure of or access to private or confidential information belonging to any person or organization or any loss, cost, expense, or damages arising out of damage to, corruption of, loss of use or function of, or inability to access, change or manipulate data records is alleged in the Underlying Action, the Policies do not provide coverage to the Ingrace's Entities or Choi under the Commercial General Liability – Bodily Injury and Property coverage form.

**EIGHTH CLAIM**

60. Badger realleges and incorporates by reference Paragraphs 1-30 of its Complaint for Declaratory Judgment.

61. The Commercial General Liability – Personal and Advertising Injury Liability and Commercial General Excess Liability – Personal and Advertising Injury Liability coverage forms of the Policies provide coverage only for "personal injury" arising out of an offense committed in the course of an insured's business.

62. The Commercial General Liability – Personal and Advertising Injury Liability and Commercial General Excess Liability – Personal and Advertising Injury Liability coverage forms

13

of the Policies provide coverage only for "advertising injury" arising out of an offense committed in the course of an insured's business.

63. The Underlying Action does not allege "personal injury" or "advertising injury" arising out of an offense committed in the course of any insured's business in the Underlying Action.

64. Badger therefore does not have a duty to defend or indemnify the Ingrace's Entities or Choi against the claims asserted in the Underlying Action.

## NINTH CLAIM

65. Badger realleges and incorporates by reference Paragraphs 1-30 of its Complaint for Declaratory Judgment.

66. The Commercial General Liability – Personal and Advertising Injury Liability coverage form of the Policies contains a "Social Media" exclusion which precludes coverage for "personal injury" arising out of an electronic chatroom, bulletin board, website, social media account, or other form of electronic media that an insured hosts, owns, managers, exercises control over, or to which the insured uploads information, images or other content.

67. To the extent "personal injury" arising out of an electronic chatroom, bulletin board, website, social media account, or other form of electronic media that one or more of the Ingrace's Entities or Mr. Choi hosts, owns, manages, exercises control over, or to which one or more of the Ingrace's Entities or Mr. Choi uploads information, images or other content is alleged in the Underlying Action, the Policies do not provide coverage to the Ingrace's Entities or Choi under the Commercial General Liability – Personal and Advertising Injury Liability coverage form.

14

**TENTH CLAIM**

68. Badger realleges and incorporates by reference Paragraphs 1-30 of its Complaint for Declaratory Judgment.

69. The Commercial General Liability – Personal and Advertising Injury Liability coverage form of the Policies contains a "Statute or Ordinance" exclusion which preludes coverage for "personal injury" arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured.

70. To the extent "personal injury" arising out of the willful violation of a penal statute or ordinance committed by or with the consent of one or more of the Ingrace's Entities or Mr. Choi is alleged in the Underlying Action, the Policies do not provide coverage to the Ingrace's Entities or Choi under the Commercial General Liability – Personal and Advertising Injury Liability coverage form.

**ELEVENTH CLAIM**

71. Badger realleges and incorporates by reference Paragraphs 1-30 of its Complaint for Declaratory Judgment.

72. The Commercial Excess Liability coverage form of the Policies provides payment on behalf of an insured for the ultimate net loss in excess of the "retained limit" because of "bodily injury" or "property damage."

73. To the extent any of the Ingrace's Entities or Mr. Choi are not obligated to pay the "ultimate net loss" in excess of the "retained limit" because of "bodily injury", the Commercial Excess Liability coverage form of the Policies does not provide coverage to the Ingrace's Entities or Choi for the claims alleged in the Underlying Action.

15

## TWELFTH CLAIM

74. Badger realleges and incorporates by reference Paragraphs 1-30 of its Complaint for Declaratory Judgment.

75. The Commercial General Liability – Bodily Injury and Property coverage form of the Policies contains a Punitive Damages Exclusion, which precludes coverage for punitive, exemplary, or vindictive damages.

76. The Underlying Action demands an award of punitive damages pursuant to the formula set forth in 820 ILCS § 105/12(a).

77. The Punitive Damages exclusion therefore precludes coverage for punitive damages as to the Ingrace's Entities and Choi under the Commercial General Liability – Bodily Injury and Property coverage form of the Policies.

WHEREFORE, Badger respectfully requests that this Court grant the following relief in its favor:

A. Declare the Policies do not provide coverage to the Ingrace's Entities or Mr. Choi for the claims asserted in the Underlying Action and therefore, Badger has no duty to defend or indemnify the Ingrace's Entities or Mr. Choi in the Underlying Action;

B. Award Badger its costs, disbursements, and fees as permitted by law; and

C. Grant such other and further relief as the Court deems just and equitable.

Dated this 31st day of August, 2022.　　　　Respectfully submitted,

**BADGER MUTUAL INSURANCE COMPANY,**
Plaintiff

By: */s/ Jason R. Fathallah*
　　Jason R. Fathallah (#1060040)
　　HUSCH BLACKWELL LLP
　　511 N Broadway, Suite 1100
　　Milwaukee, Wisconsin 53202
　　Phone: (414) 273-2100
　　Facsimile: (414) 223-5000
　　Email: jason.fathallah@huschblackwell.com

HB: 4893-0235-1906.2