Hearing Date: 1/18/2022 9:30 AM - 9:30 AM
Courtroom Number: 2402
Location: District 1 Court
Cook County, IL

Case: 1:22-cv-04856 Document #: 1-1 Filed: 08/31/22 Page 1 of 9 PageID #:18

FILED
9/17/2021 1:57 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH04758

14865539

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

ALFREDO CELEDON, individually and on behalf of other persons similarly situated,

Plaintiff,

v.

BRYAN CHOI,

Defendant.

Case No.: **2021CH04758**

CLASS ACTION COMPLAINT

Plaintiff Alfredo Celedon files the following Class Action Complaint against Defendant Bryan Choi:

## NATURE OF THE ACTION

1. This is an action by Alfredo Celedon ("Plaintiff") on behalf of himself and a class of similarly situated individuals ("class members") to obtain statutory damages and other equitable relief under the Illinois Biometric Information Privacy Act ("BIPA" or "the Act").

2. Plaintiff and class members are subject to the unlawful biometric scanning and storage practices of Defendant, Bryan Choi ("Defendant").

3. As past and present employees of Defendant, Plaintiff and class members were required to provide Defendant with their personalized biometric indicators and the biometric information derived therefrom ("biometric data"). Specifically, Defendant collects and stores employees' fingerprints and requires employees to clock-in and clock-out by scanning their fingerprints into a fingerprint-scanning machine.

4. Following the capture of their employees' biometric data, Defendant uses this data to compare the future scans of their employees' fingerprints into a punch-clock device. The punch-clock device scans each fingerprint and confirms that the employee punching in to work is who

1

Exhibit A

they claim to be. The collection of the punch-clock fingerprint entries is then used to confirm employees' presence.

5. Plaintiff and class members have not been notified where their fingerprints are being stored, for how long Defendant will keep the fingerprints, and what might happen to this valuable information.

6. The State of Illinois recognized the value and importance of preserving people's biometric data when it passed the Illinois Biometric Information Privacy Act.

7. Unlike other forms of personal identification, such as photo IDs or passwords, fingerprints are immutable aspects of our bodies. This makes them a promising source of future identification-related technology, particularly in our increasingly insecure technological world.

8. If Defendant insists on collecting and storing their employees' fingerprints, Defendant must comply with BIPA. This includes (1) notifying employees the practice is taking place; (2) informing employees of how the practice is implemented; (3) obtaining written consent from the employees to collect and store their biometric data; (4) maintaining their employees' biometric data in a sufficiently secure manner; and (5) maintaining a publicly available disclosure of how the biometric data will be handled and destroyed.

9. Unfortunately for the Plaintiff and class members, none of these directives were followed. Accordingly, Plaintiff bring this action on behalf of himself and class members pursuant to obtain statutory damages and injunctive relief for violations of the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq.*

## JURISDICTION AND VENUE

10. This Court has jurisdiction over Defendant because Defendant has a base of operations in Illinois and does business extensively in Illinois. Furthermore, Defendant's unlawful conduct arose and was perpetuated while Defendant was located in Illinois.

11. Venue is proper in this Court because Defendant is doing business and has a base of operations based in Cook County. Additionally, Defendant's unlawful conduct arose and was perpetuated while located in Cook County.

## PARTIES

12. Plaintiff is an Illinois citizen who was subject to the same fingerprint-storing practices as other of Defendant's employees, outlined in further detail below.

13. Defendant Bryan Choi is an individual residing in Illinois. On information and belief, Bryan Choi owns and controls the operations of restaurants doing business as Market Creations.

## FACTUAL ALLEGATIONS

14. Defendant required certain employees to scan their fingerprints in order to clock in and out at Defendant jobsites.

15. As part of this process, Defendant recorded and stored certain employees' fingerprint biometrics using fingerprint-scanning computer technology.

16. As part of this process, Defendant associated employees' biometric data with their personal identifying information, such as name and address.

17. Thus, Defendant caused the biometric data from employees' fingerprints to be recorded, collected, and stored.

18. Defendant did not inform in writing either Plaintiff or class members that their biometric data was being recorded, obtained, collected, and/or stored.

19. Defendant did not inform in writing either Plaintiff or class members the specific purpose and length of term for which their biometric data would be collected, stored, and/or used.

20. Defendant did not obtain Plaintiff's or class members' written consent to record, collect, obtain, and/or store Plaintiff's and class members' biometric data.

21. Defendant did not obtain Plaintiff's or class members' written consent to capture and store Plaintiff's and class members' biometric data.

22. Defendant did not disclose to Plaintiff, class members, or the public a written retention schedule and guidelines for permanently destroying employee biometric data.

23. Defendant did not disclose to Plaintiff or class members, in writing, of the specific purpose and length of term for which Defendant was collecting, storing, and/or using class members' biometric information.

24. Defendant did not disclose to Plaintiff the identities of any third parties with whom Defendant was directly or indirectly sharing, disclosing, or otherwise disseminating class members' biometric information.

25. Upon information and belief, Defendant is storing data in a manner less secure than Defendant stores other similarly sensitive data. Upon information and belief, Defendant stores employees' social security numbers (along with similar personal data) and confidential business records on personal computer systems with demonstrably more security than their fingerprint scanning machines possess. In addition to higher cyber security, Defendant's personal computer systems are in secure physical locations not as easily accessible to third-parties and Defendant's employees.

## CLASS ACTION ALLEGATIONS

26. Plaintiff seeks to certify a class action pursuant to 735 ILCS § 5/2-801 on behalf of the following class:

> "All individuals whose biometric data Defendant collected or stored in Illinois."

27. Class treatment in this case is appropriate because:

    (a) The class is so numerous that joinder of all members is impracticable. While the precise number of class members has not been determined, Plaintiff is informed and believes that there are sufficiently numerous class members such that joinder in impracticable;

    (b) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members; these common questions of law and fact include, without limitation:

        i. Whether Defendant collected and recorded class members' biometric data;

        ii. Whether Defendant obtained any class members' written consent to collect their biometric data;

        iii. Whether Defendant conduct violates the BIPA; and

        iv. Whether Plaintiff and class members are entitled to damages and/or injunctive relief.

    (c) Given the nature of the employer-employment relationship, and the fact that Defendant employees will likely risk their jobs and/or livelihoods to enforce

their rights under BIPA, members of the class will be reluctant to bring forth claims for unpaid wages and notices violations for fear of retaliation;

(d) The class representative, class members and Defendant have a commonality of interest in the subject matter and remedies sought and the Plaintiff is able to fairly and adequately represent the interest of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, the Defendant and the Court.

(e) The class action provides a superior method for fairly and efficiently adjudicating this controversy because many class members cannot feasibly vindicate their rights by individual suit because the value of their recoveries are outweighed by the burden and expense of litigating against the corporate Defendant.

28. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
## VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT
(Damages)

29. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

30. Defendant recorded, collected, and stored Plaintiff's and class members' biometric identifiers and biometric information as defined by 740 ILCS § 14/10 of the Act. Every instance of Defendant collecting, capturing, storing, and/or sharing Plaintiff's and class members' biometrics identifiers and biometric information constitutes a violation of the Act.

6

31. Defendant violated Section 14/15(a) of the Act by failing to develop and/or make public a written policy to the Plaintiff and class members.

32. Defendant violated Section 14/15(b) of the Act by collecting, capturing, obtaining and storing Plaintiff and class members' biometric identifiers and/or information without informing them in writing and obtaining a written release, that:

    (a) The biometric data was being recorded, obtained, collected, or stored; and

    (b) The specific purpose and length of term for which the biometric data was being collected, captured, obtained, and/or stored.

33. Defendant violated 14/15(e) of the Act by failing to store class members biometric data using the reasonable standard of care within Defendant's industry and/or in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information.

34. Defendant conduct is at best negligent and at worst reckless.

35. Accordingly, Defendant is liable to Plaintiff and class members in the amount of liquidated damages or actual damages, whichever is greater. 740 ILCS § 14/20(1).

## COUNT II
## VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT
(Injunctive Relief)

36. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

37. The Act provides for injunctive relief. 740 ILCS § 14/20(4).

38. Plaintiff and class members are entitled to an order requiring Defendant to make disclosures consistent with the Act and enjoining further unlawful conduct.

7

39. Plaintiff seeks an order requiring Defendant to publicly disclose a written policy establishing the specific purpose and length of term for which class members' biometric data has been collected, stored, and used. Additionally, Plaintiff seeks a disclosure from Defendant relative to their policy of permanently destroying class members' biometric data. 740 ILCS § 14/15(a).

40. Plaintiff seeks an order requiring Defendant to disclose whether Defendant retained his or any other class members' biometrics, and, if so, when and how such biometrics were permanently destroyed.

41. Plaintiff seeks an order requiring Defendant to disclose to whom Defendant has disseminated, sold, or transferred Plaintiff's and class members' biometric data.

42. Plaintiff seeks an order requiring Defendant to disclose the standard of care that Defendant employed to store, transmit, and protect class members' biometrics.

43. Plaintiff seeks an order enjoining Defendant from future violations of the Act.

44. Plaintiff and class members do not know what Defendant has done (or intends to do) with their biometric data. Injunctive relief is necessary to afford Plaintiff and class members the safety and peace of mind envisioned by the passage of the Act.

## PRAYER FOR RELIEF

Plaintiffs asks the court to enter judgment in his favor against Defendant and issue an order:

a. Certifying this case as a class action, naming Plaintiff class representative and his counsel as class counsel;

b. Declaring that Defendant has violated the Illinois Biometric Information Privacy Act, and enter a judgment in favor of Plaintiff and the class;

c. Awarding statutory damages of $5,000 for each willful and/or reckless violation of the Act;

d. Awarding statutory damages of $1,000 for each negligent violation of the Act;

e. Awarding injunctive and equitable relief as necessary to protect the interests of the Plaintiff and the class;

f. Awarding punitive damages pursuant to the formula set forth in 820 ILCS § 105/12(a);

g. Declaring that Defendant's conduct violated the Act;

h. Awarding reasonable attorneys' fees and costs of this action;

i. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

j. Awarding such other general and equitable relief as this Court deems equitable and just.

*Respectfully Submitted,*

/s/ William H. Beaumont

Roberto Luis Costales (#6329085)
William H. Beaumont (#6323256)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 831-8000
rlc@beaumontcostales.com
whb@beaumontcostales.com
*Attorneys for Plaintiff*